Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

RECEIVED BY
UNION CORRECTIONAL INSTITUTION
MAR 16 2020
FOR MAILING

ORIGINAL COPY

# UNITED STATES DISTRICT COURT
for the
MIDDLE District of FLORIDA
JACKSONVILLE Division

PK

Case No. 3:20-cv-278-J-34JRK
(to be filled in by the Clerk's Office)

PAUL EMMANUEL KNIGHT )
)
Plaintiff(s) )
(Write the full name of each plaintiff who is filing this complaint. )
If the names of all the plaintiffs cannot fit in the space above, )
please write "see attached" in the space and attach an additional )
page with the full list of names.) )
-v- )
JACK, VANALLEN; )
MATTHEW, KURTH; )
HARVEY, A. D. )
KNIGHT, KYLE. )
)
)
Defendant(s) )
(Write the full name of each defendant who is being sued. If the
names of all the defendants cannot fit in the space above, please
write "see attached" in the space and attach an additional page
with the full list of names. Do not include addresses here.)

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DISTRICT

2020 MAR 18 AM 11:37

FILED

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
(Prisoner Complaint)

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.



I. **The Parties to This Complaint**

   A. **The Plaintiff(s)**

   Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

   Name: Paul Emmanuel Knight,
   All other names by which you have been known: Shorty Knight & Pooky
   ID Number: 063422,
   Current Institution: Union Correctional Institution
   Address: P.O. Box 1000
   Raiford, Fla. 32083
   City / State / Zip Code

   B. **The Defendant(s)**

   Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. Make sure that the defendant(s) listed below are identical to those contained in the above caption. For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

   Defendant No. 1
   Note: This defendant is evading service of process. The court has notified the petitioner, to somehow, produce his whereabouts, which is impossible, with the petitioner being imprisoned; Though, I believe that the Fla. D.O.C. knows where he is and, in this informational age of technology, the Federal Government can find him, to be responsible for his illegal actions, for two years, 9-18-2020, I've been hounded.

   Name: Jack VanAllen
   Job or Title (if known): Correctional Officer (I) C.O.I.
   Shield Number: "VanA"
   Employer: As of 5-1-19, Fla. Dept. of Corr's Fla. State Prison,
   Address: P.O. Box 800
   Raiford, Fla. 32083
   City / State / Zip Code
   [X] Individual capacity  [X] Official capacity

   Defendant No. 2
   Name: Matthew Kurth,
   Job or Title (if known): Correctional Officer (I) C.O.I.
   Shield Number: Kurth
   Employer: As of 5-1-19, Fla. Dept. of Corr's Fla. State Prison,
   Address: P.O. Box 800
   Raiford, Fla. 32083
   City / State / Zip Code
   [X] Individual capacity  [X] Official capacity

   (2)

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

Defendant No. 3
  Name: HARVEY, A.D.
  Job or Title (if known): CORRECTIONAL OFFICER
  Shield Number: DAD22
  Employer: D.O.C., FLA. STATE PRISON, AS OF 5-24-19
  Address: P.O. BOX 800
  Raiford   FLA.   32083
  City     State  Zip Code
  [X] Individual capacity   [X] Official capacity

Defendant No. 4
  Name: KYLE KNIGHT
  Job or Title (if known): CORRECTIONAL OFFICER L.T. OR ABOVE,
  Shield Number: KNIGK
  Employer: D.O.C. FLA. STATE PRISON, AS OF 5-14-19
  Address: P.O. BOX 800
  Raiford   FLA.   32083
  City     State  Zip Code
  [X] Individual capacity   [X] Official capacity

## II. Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights. This Court has Jurisdiction, under the 8th Amend. Right Against Cruel and Unusual Punishment, 14th Amend. Rights of Procedural Due Process, Retaliatory Punishment And Conspiring with Others to Violate Federal Rights, 42 U.S.C.S. 1985-(3), Conspiracy to Interfere with Civil Rights & The Deprivation under Color of State Law.

A. Are you bringing suit against (check all that apply):
  [ ] Federal officials (a *Bivens* claim)
  [X] State or local officials (a § 1983 claim)

B. Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

8th Amend. Violations by Defendants, Van Allen and Kurth, upon an unprovoked beating of an a subdued inmate, maliciously and sadistically to cause harm and physical injury & psychological pain, Defendants Harvey, A.D. and Knight, Kyle, 14th Amend. Deprivations of Procedural Violations in Disciplinary - Cont. (1)-

C. Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?



Page 3 of 11

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

_____

D. Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed. DEFENDANTS, JACK VANALLEN AND, MATTHEW KURTH WITH MEMBERS OF AN EXTRACTION TEAM ENTERED MY CELL AT FLA. STATE PRISON ON E-WING, CELL 1222, IN RIOT GEAR BEHIND A PROTECTION SHIELD, FORCE ME TO THE FLOOR, HANDCUFFED ME BEHIND MY BACK AND LEGS, AND BEGIN TO REPEATEDLY BEAT — CONT. PAGE TOP (2) SUBSEC (D)

III. **Prisoner Status**

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

☐ Pretrial detainee

☐ Civilly committed detainee

☐ Immigration detainee

☑ Convicted and sentenced state prisoner

☐ Convicted and sentenced federal prisoner

☐ Other *(explain)* _____

IV. **Statement of Claim**

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed. SEE CONT. PAGES (6)-(9)

A. If the events giving rise to your claim arose outside an institution, describe where and when they arose.

_____

B. If the events giving rise to your claim arose in an institution, describe where and when they arose.

ON MAY 1ST, 2019, CITED AT, 2:23 PM DEFENDANT, JACK VANALLEN, AND OTHERS ENTERED MY CELL ON E-WING OF FLA. STATE PRISON, SUBDUED ME, HANDS AND LEGS AND COMMENCED UPON BEATING ME UPON MY HEAD, FACE AND BODY, SAYING, STOP, RESISTING INMATE, STOP RESISTING, AS I TURNED MY HEAD FROM THE FORCE OF — CONT. (2)(D)

Page 4 of 11
P. (15)
(4)

C. What date and approximate time did the events giving rise to your claim(s) occur? DEFENDANTS VANALLEN AND KURTH, 5-1-2019, CITED AT, 2:23 PM, ON THEIR D.R. REPORTS which conduct constituted a state law assault and battery. DEFENDANTS HARVEY AND, KNIGHT, UPON A PATTERN OF A HISTORY OF EXCESSIVE FORCE, A SERIES OF OCCURRENCES IN FALSIFICATION OF RECORDS AFTER A USE OF EXCESSIVE FORCE, DATED, 5-14-19

D. What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)* ON, 5-1-2019 OFFICERS USED EXCESSIVE FORCE AGAINST, ME, WHILE RESTRAINED AND NOT RESISTING; SUBSEQUENTLY, 13 D.R. REPORTS WAS WRITTEN AGAINST ME, (2), BY DEFENDANTS VANALLEN AND KURTH; ON, 5-14-19, DEFENDANTS, HARVEY, AND, KNIGHT, CONDUCTED, QUASI-JUDICIAL PROCEDURAL DUE PROCESS PROCEEDINGS, FORFEITURING OVER A 1000 DAYS OF GAIN TIME CREDITS UNDER CONSTITUTIONALLY INADEQUATE PROCEDURES UNDER DELIBERATE INDIFFERENCE TO CONSTITUTIONAL RIGHTS OF WHICH, UNDER COLOR OF STATE LAW, WHICH, IS THE CAUSE OF THIS CASE IN MY HAVING, DEFENDANTS VANALLEN & KURTH, D.R.'S OVERTURNED ON, 7-31-19.

## V. Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive. ON, 5-1-2019, I WAS REPEATEDLY BEATEN BY, DEFENDANTS VANALLEN, KURTH, AND OTHER OFFICERS ON E-WING OF F.S.P., TAKEN FROM THAT WING TO B-WING SHOWER AND THE BEATING CONTINUED, ALONG WITH SEXUAL ABUSE, ALL WHILE STILL HANDCUFFED AND SHACKLED; I WAS TAKEN TO MEDICAL FROM THE SHOWER, AND THE DOCTOR LITERALLY LOOKED AT MY BLEEDING RIGHT EYE AND WALKED OUT OF THE EXAMINATION ROOM, LEAVING ME BLEEDING FROM MY EYES, TOP BACK PART OF MY HEAD, THE SCARS ARE PERMANENT, BROKEN LITTLE LEFT TOE, IT'S DEFORMATION IS LOOK LIKE, NERVE DAMAGE IN MY RIGHT HAND, PAIN SHOOTS THROUGH IT AS I WRITE, THEY WERE TRYING TO BREAK MY FINGERS FOR FILING GRIEVANCES AND LAWSUITS, AND FINANCIAL INJURY UPON COURT COSTS, FEES AND D.O.C. LIENS.

## VI. Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims. UNDER DEFENDANT, VANALLEN'S INDIVIDUAL CAPACITY, IM SUING HIM FOR THE CONSTITUTIONAL ASSAULT AND BATTERY FOR 8000 DOLLARS, THE DUE PROCESS VIOLATIONS OF FALSIFICATION OF DOCUMENTS, CAUSING CONSTITUTIONALLY DEFECTIVE PROCEDURAL DUE PROCESS VIOLATIONS, FOR $10000 DOLLARS; DEFENDANT, KURT, IN HIS INDIVIDUAL CAPACITY, $8000 DOLLARS FOR THE UNPROVOKED STRAMMED ASSAULT AND BATTERY, $10,000 FOR THE DUE PROCESS VIOLATIONS, CAUSING DEFENDANTS HARVEY & KNIGHT TO PARTICIPATE INADEQUATE PROCEDURES; DEFENDANT, HARVEY, $10,000 DOLLARS FOR CONSPIRING OR ENGAGED IN A SYMBIOTIC VENTURE TO VIOLATE RIGHTS UNDER THE CONSTITUTION WITH DELIBERATE INDIFFERENCE TO THOSE CONSTITUTIONAL RIGHTS, DEFENDANT, KNIGHT, $10,000 DOLLARS FOR INGAGING IN A SYMBIOTIC VENTURE TO DELIBERATELY VIOLATE CONSTITUTIONAL RIGHTS, THAT HE KNEW THE PROCEDURES HE WAS ENGAGED IN WAS CONSTITUTIONALLY DEFECTIVE AND SAID ACTIONS CAUSED FINANCIAL INJURY AS WELL IN THE PROCESS UPON COURT COSTS, FEES AND D.O.C. LIENS, EVEN IN GETTING (2) OF THEIR D.R.'S OVERTURNED, I'M STILL IN DEBT, AND A BENCH TRIAL UPON ALL ISSUES IN DISPUTE.

## VII. Exhaustion of Administrative Remedies Administrative Procedures

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures. Your case may be dismissed if you have not exhausted your administrative remedies.

A. Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☑ Yes

☐ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s). *FLA. STATE PRISON;*

B. Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☑ Yes

☐ No

☐ Do not know

C. Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☑ Yes

☐ No

☐ Do not know

If yes, which claim(s)? *PROCEDURAL DUE PROCESS, DISCIPLINARY HEARINGS, PROCEDURES AND THE FORFEITURE OF GAINTIME CREDITS ARBITRARILY, AN IMPARTIAL HEARING BOARD, WHO CAN PARTICIPATE IN THOSE HEARINGS AND WHO CAN'T.*

D.  Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☑ Yes

☐ No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☐ Yes

☐ No

E.  If you did file a grievance:

1.  Where did you file the grievance? INST. AL. LEVEL, CENTRAL OFFICE LEVEL

2.  What did you claim in your grievance? PROCEDURAL DUE PROCESS VIOLATIONS

3.  What was the result, if any? APPROVED TO OVERTURN THE REPORTS

4.  What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. *(Describe all efforts to appeal to the highest level of the grievance process.)*
INCIDENT, 5-1-19, D.R. COURT, 5-14-19, FINDINGS, GUILTY, INST. APPEAL RETURNED WITHOUT ACTIONS 5-21-19, CENTRAL APPEAL, WON AN APPROVAL FOR FURTHER INQUIRY. SEE COMP. PAGES 2) & 3) SUBSEC. (D). BOTH DEFENDANTS D.R.'S WAS OVERTURNED ON 7-31-2019

F. If you did not file a grievance:

1. If there are any reasons why you did not file a grievance, state them here:

   _____

2. If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

   _____

G. Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

   _____

(Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)

## VIII. Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☐ Yes

☒ No

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

A.  Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☒ Yes 1983, EXCESSIVE FORCE & deliberate indifference of No medical treatment.

☒ No my mandamus's state courts are not lawsuits

B.  If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

   1. Parties to the previous lawsuit

      Plaintiff(s) Paul Emmanuel Krisyly

      Defendant(s) VanAllen, Kurtin, Gillespie, Merritt, Gray, Southers, Economy and G. Espino M.D.

   2. Court *(if federal court, name the district; if state court, name the county and State)*

      U.S. District Court Middle District of FLA. Jacksonville division

   3. Docket or index number

      3:19-CV-779-J-32-JBT

   4. Name of Judge assigned to your case

      Timothy J. Corrigan, district Judge / Joel B. Toomey, Magistrate Judge

   5. Approximate date of filing lawsuit First filing 6-28-19, 2nd, 7-26-19, 3rd, 9-26-19 operative complaint.

   6. Is the case still pending?

      ☒ Yes

      ☐ No

      If no, give the approximate date of disposition. _____

   7. What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

C.  Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

☑ Yes

☐ No

D. If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1. Parties to the previous lawsuit
   Plaintiff(s) PAUL E. KNIGHT
   Defendant(s) STATE OF FLORIDA

2. Court *(if federal court, name the district; if state court, name the county and State)* SECOND Judicial Circuit, Leon County

3. Docket or index number 2019-CA-000893

4. Name of Judge assigned to your case
   John C. Cooper

5. Approximate date of filing lawsuit

6. Is the case still pending?
   ☑ Yes
   ☐ No
   If no, give the approximate date of disposition on Appeal

7. What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)* Appealed yes

PAUL E. KNIGHT V.
STATE OF FLORIDA
FIRST D.C.A.
CASE# 1D19-4044
JUDGE, don't know
only response from clerk
Pending.

PAUL E. KNIGHT V. STATE OF FL.
SECOND Judicial Circuit County
CASE# 2019-CA-000894
JUDGE, John C. Cooper
CASE pending.

⑩

## IX. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 3-16-2020

Signature of Plaintiff: Paul Knight
Printed Name of Plaintiff: PAUL EMMANUEL KNIGHT
Prison Identification #: 063422
Prison Address: P.O. BOX 1000
City: Raiford      State: FLA.      Zip Code: 32083

### B. For Attorneys

Date of signing: _____

Signature of Attorney: _____
Printed Name of Attorney: _____
Bar Number: _____
Name of Law Firm: _____
Address: _____
City _____ State _____ Zip Code _____
Telephone Number: _____
E-mail Address: _____



① Cont... of subsec. II, basis for jurisdiction sub-subsection, (B) page (3):

— Proceedings resulting in the forfeiture of gain time and conspiring with other prison officials, motivated by improper animus upon a history of widespread abuse upon. The following, the rules of the Fla. Dept. of Corr.s are consistent with the 14th amendment of the U.S. Const., defendants, Harvey, and Knight, directly participated, in constitutionally defective sham, disciplinary hearings to violate the procedural due process requirements of, ① a right to a disciplinary hearing; ② upon a written statement of the charges, violations, including, date, time and place of the incident, the specific rules violated, any inmate behavior, any physical evidence and it's disposition, any immediate action taken, and any other specific facts necessary for an understanding of the charge; ③ an impartial investigation within 24 hours of the writing of the disciplinary report, who is, responsible for the following: (1) Interviewing the charging staff member, (2) Interviewing the charged inmate, when interviewing the charged inmate, the investigator is responsible for the following: (A) — (G), requirements, subsec's (3) & (4), F.A.C. ④, Use of confidential informants during investigations ⑤, disciplinary team and hearing officer. (b), a person shall not serve as the hearing officer or as a member of the disciplinary team, or participate in the deliberations when they are: (A) a witness or the person who wrote the charge; (b.) the investigating officer; (c.) the person charged with, review of the results of the disciplinary hearing; subsec (2) & (3), F.A.C. ⑥ Disciplinary hearings: (1)(A), No hearing shall commence prior to 24 hours following delivery of the charges... (G) If the inmate pleads "not guilty," evidence is to be presented... If evidence is not revealed to the inmate, the reasons shall be documented in the comment section of form DC6-112B, witness disposition form, the comment section of form DC6-151, documentary or physical evidence or the comment section of form DC6-202B, disposition of videotape/audiotape evidence, ... F.A.C. onward...

(12) & (13) next p.

(2), CONT. OF SUBSEC. #, BASIS FOR JURISDICTION, SUBSUBSECTION (D) DEFENDANT'S ACTIONS UNDER COLOR OF ANY STAT, ORDINANCE, REGULATION, CUSTOM, OR USAGE OF ANY STATE OR TERRITORY OF THE DISTRICT OF COLUMBIA AND SPECIFICALLY, DEPRIVATIONS OCCURRING UNDER COLOR OF STATE LAWS, OF THE DENIAL OF A PROTECTED LIBERTY INTEREST, PROCEDURAL DUE PROCESS UPON AN IMPARTIAL HEARING DECISION MAKER; (2) CAUSING ATYPICAL AND SIGNIFICANT HARDSHIP, THE FORFEITURE OF GAIN TIME CREDITS UNDER INADEQUATE PROCEDURES OF QUASI-JUDICIAL PROCEEDINGS ARBITRARILY (3) UPON, CONSTITUTIONALLY INADEQUATE PROCEDURAL SAFEGUARDS... ME WITH THEIR FISTS MALICIOUSLY AND SADISTICALLY TO CAUSE PHYSICAL HARM AND PAIN. BLEEDING, CUFFED AND LEGS SHACKLED, I WAS TAKEN FROM CELL, E-1222, TO B-WING SHOWER, THE BEATINGS CONTINUED AND I WAS SEXUALLY MOLESTED IN THAT SHOWER. DEFENDANT'S WROTE 13 DISCIPLINARY REPORTS, VANALLEN, AND, KURTH, EACH WROTE ONE, FOR ASSAULT AND BATTERY, OF WHICH, WHAT THEY ACTUALLY DID TO ME ON 5-1-2019. ON, 5-14-2019, DEFENDANTS, HARVEY, AND KNIGHT, IN MORE THAN A CAUSAL CONNECTION, UPON QUESTIONS OF LAW AND FACT, COMMON TO ALL DEFENDANTS, IN A SERIES OF TRANSACTIONS UPON A HISTORY OF WIDESPREAD ABUSE, LINKED TO EXCESSIVE FORCE INCIDENTS OF UNPROVOKED, SUBDUED BEATINGS OF INMATES, AND CONSPIRING THROUGH SHAM CONSTITUTIONALLY DEFECTIVE INADEQUATE PROCEDURES RESULTING IN THE UNCONSTITUTIONAL DEPRIVATIONS, THE FORFEITURE OF GAIN TIME CREDITS UNDER THOSE INADEQUATE PROCEDURES AS FOLLOWS: DEFENDANT, VANALLEN, WROTE, D.R. LOG #205-190920 ON 5-1-2019, DEFENDANTS, HARVEY, AND KNIGHT, HELD A D.R. HEARING ON, 5-14-2019, WHICH, THE PROCEDURES EMPLOYED BY THEM WERE CONSTITUTIONALLY DEFECTIVE IN THE FOLLOWING RESPECTS; THE REPORT CITES VIOLATIONS OF MANDATED PROCEDURAL REQUIREMENTS THAT WAS NOT FOLLOWED AND SUBSEQUENTLY OVERTURNED, 200 DAYS OF GAIN TIME RESTORED AND 60 DAYS PUNITIVE CONFINEMENT ENDED. DEFENDANT, KURTH, WROTE, D.R. LOG #205-190921, ON, 5-1-2019, FOR ASSAULT AND BATTERY; DEFENDANTS, HARVEY, AND, KNIGHT, HELD A D.R. HEARING ON, 5-14-2019, FINDING ME GUILTY, TAKING 200 DAYS OF GAIN TIME CREDITS & SANCTIONS OF 60 DAYS PUNITIVE CONFINEMENT. UPON FILING APPEALS TO THE INSTITUTION ON 5-15-19 TO THE WARDEN, CITING PROCEDURAL VIOLATIONS OF THE HEARING, THE GRIEVANCE WAS RETURNED WITHOUT ACTION; CITING, "IT HAS BEEN DETERMINED THAT, UPON A FURTHER REVIEW OF YOUR CLAIMS THAT THEY WERE ADEQUATELY ADDRESSED IN FORMAL GRIEVANCE LOG #1905-205-095; EFFECTUALLY FINDING CON'T ON NEXT PAG. (3).

(3) cont. of subsec. II basis for jurisdiction, subsubsection (D), page (4):

— me guilty under a silent consolidation, circumventing and infringing upon all law, on, 5-21-19 at the inst.al. level. I appealed this returned without action on 5-23-19 to central office and, on 5-31-19, received an approval for further inquiry. on, 6-13-19, m. albritto, responded in an amended response, denying outright, all procedural requirements, on, 6-19-19, I refiled to central office upon the procedural violations, on, 6-25-19, received a returned without action because I did not submit the inst.al. amended response of denial, on, 6-28-19, I resubmitted to central office with the amended inst.al. denial, on, 7-10-19, central office approved the appeal for further inquiry to the warden, on, 7-31-19, in a second amended response, the inst. approved the overturning of this D.R. for the procedural due process violations of preparation of disciplinary reports, subsec.(2)(E), of any physical evidence and its disposition. F.A.C. defendants Harvey & Knight, on 5-14-19, found the petitioner guilty of, defendant's Kurth, D.R. log# 205-190921, took 200 days gain time credits and sanctions of 60 days punitive confinement, word for word of defendant Van Allen process of getting his D.R. overturned happen with this D.R. on 7-31-19, upon a series of transactions of 14th Amendment violations of protected procedural due process, these two defendants, Harvey and Knight, conspired with security staff to violate federal rights of which they knew, or should have known their actions violated the constitution of the united states, due to the history of widespread abuse of this prison, the custom and/or policy resulting in deliberate indifference to constitutional rights and the facts of supervisors knowing subordinates would act unlawfully and fails to stop them from doing so, instead, these defendants direct participation in, and connection to the constitutional deprivation is obvious, (1) A deprivation of a constain protected liberty interest of procedural due process (2) state actions by defendants, (3) const. ally inadequate process.

(14)

(4) Cont. of Subsect. IV. Subsubsection (B): Page (4)

— The blows and pain, I became aware that someone was doing something to my hands, my fingers, they were trying to break my fingers, oh, no, it was my little toe, they snapped it! its deformed and pain still shoots through my right hand and fingers, nerve damage injury, 10 months after the assault & battery? The causal connection of facts common towards all defendants on these beatings are linked to the retaliatory disciplinary forfeiture of over 1,000 days of gain time credits of 14th Amendment right to procedural due process of the Constitution and the rules of the Dept. of Corr's, consistent with those procedural requirements, is

Defendant, Matthew Kurth, on May 1st, 2019, cite's at 2:23 pm, entered cell 1222 on E-wing of Fla. State Prison, with, defendant, VanAllen, and others, help subdue me, handcuffed behind my back and legs and in accords with his fellow officers, went to physically beating upon my person, maliciously and sadistically, causing physical injuries and psychological trauma, anxiety and depression to this day; the beating was so severe, that, they had beaten my eyes closed, abrasions and gashes in my head and slash wounds to my eye, deformity of my little toe on my left foot, they took me to B-wing shower, and the beating continued, still handcuffed and shackled, they called themselves showering me, tampering with my anus & water-boarding me, forcefully slamming my face against the shower wall... From there, I was taken to medical, to Doctor, Espino, M.D, bleeding and in pain, who actually did nothing for any injuries or treatment for pain.

Upon a series of transactions and/or occurrences, these other two defendants, causation are linked by a custom and/or unwritten policy of deliberate indifference to constitutional rights — Cont...

LEGAL MAIL (15)

From p.(15) → (5), cont. of, subsec. IV, subsubsection (B)... page (4);

→ From a history of widespread abuse of correctional staff, knowing about the abusive conduct and facilitate it, approve it, condone it, or turn a blind eye, with their knowledge and consent to it, that gives rise to their connection to this pattern of excessive force incidents at Fla. State Prison. Defendants, Harvey, A.D. and, Knight, Kyle, connections to the constitutional deprivation of procedural due process of the 14th Amendment and Rules of the Dept. of Corr.'s that mandates procedural requirements, on, 5-14-19, defendants Harvey and, Knight, held, a disciplinary hearing, cited at 6:37 am upon a D.R. Report by sgt. Nazario, of the 5-1-19 incident which, he states that, subject was found guilty based on the officer's written statement, that subject began yelling under his cell door and refused orders to stand up and cease his disorderly conduct. Teams findings & action. Guilty; 30 days gain time loss and 30 days punitive confinement. (Note, in sgt. Nazario report he, cited that, organized chemical and physical force was utilized to quell inmate Knight's disturbance. This is cited to the fact of the physical beating, I was subjected to,... yelling under the cell door.) The process of appeals was taken upon the deprivation procedures being constitutionally inadequate and was denied against these arbitrary governmental actions; on, 5-14-19, defendants, Harvey and, Knight, held, a D.R. hearing, cited at, 6:41 am. upon a D.R. Report by officer Joel Economu, of the 5-1-19, incident, which they states that, subject was found guilty based on the officer's written statement, that subject threw what appeared to be feces out of the flap, striking officer Economu in the lower torso area. The teams findings and actions, guilty. 200 days gain time loss and 60 days punitive confinement. (Note, in defendants VanAllen and Kuryla, reports, which was eventually was overturned due to procedural violations of the disposition of any physical evidence, though — cont....

LEGAL MAIL

(16)

(6), cont., of Subsec. IV, Statement of Claim, subsubsection (B)... page (4):

There are specific procedural requirements that these defendants deliberately disregarded and through the appeal process was arbitrarily abandoned, violating the due process clause liberty interest upon the forfeiture of the 200 days of gain time credits, whereas, upon a state-created liberty interest in first, Fla. Stat. the rights of inmates and a system of due process regulations, F.A.C. the preparation of disciplinary reports. Subsec.(2)(E), any physical evidence and its disposition, F.A.C. the investigating officer is responsible for the following: Subsec.(2)(G), completing form DC6-2028, disposition of videotape & audiotape evidence, when necessary, F.A.C.; the 5-14-19 hearings record are beyond inadequate, this evidence was so encroached upon in these & the rest of these cases, that the only reason that there is not more defendants is because some of those officials at the top relented their harshness in their intentions and the pursuit for redress in the courts on, 5-14-19, defendants, Harvey, and Knight, held, D.R. court, cited at, 6:42 am, upon a D.R. report by, Sgt. Gillespie of the, 5-1-19, incident, found me guilty based on the officer's written statement, took 200 days of gain time credits and 60 days of punitive confinement, (the inst. failed to respond to the appeal, central office returned the appeal w/ apply motion on, 6-17-19, under a deceptive response of a resubmitted appeal in time within the timeframes, knowing the time frame was dead.); on, 5-14-19, defendants, Harvey and Knight, held, D.R. court, cited at, 6:34 am, upon a D.R. report by, Lt. Sanders, of the 5-1-19, incident, found me guilty based on the officer's written statement, took, 30 days gain time credits, and 30 days punitive confinement, inst. appeal was denied on 5-25-19, central office, denials was on 5-30-19; Lt. Sanders, wrote another D.R. that I never received a copy of; defendants Harvey & Knight, took 200 days G.T., 60 days disc. status, on, 5-14-19, cited at, 6:43, defendants Harvey and Knight — cont.

(17)

(7), cont. of subsec. IV, Statement of Claim, subsubsection (B),, page (A):

-- Held, D.R. court, upon D.R. report by, Sgt. MERRITT, on the 5-1-19, incident, found me guilty based on the officers written statement, took, 200 days of gain time credits and 60 days of punitive confinement, the Inst. Refuse to answer the Appeal @ Central office, returned without action on 6-17-19.

On, 5-14-19, Defendants, HARVEY, and, KNIGHT, held, D.R. court, cited, at. 6:39 AM, upon, D.R. report from Sgt. GRAY, of the 5-1-19, incident, found me guilty based on the officers written statement, took 200 days gain time credits and 60 days, punitive confinement, All Appeals was denied But, this is the silent consolidation of the guilty findings cited in Defendants, VANWINKLE & KURPH, first appeals returned without actions but eventually overturned for the same lack of the physical evidence & its disposition of the procedural requirements of due process @ D.O.C. rules & regulations, the same, styrofoam cup in this Report, In these same rules, D.R. Team @ hearing officer, (1) A person shall not serve as hearing officer or as a member of the D.R. Team or participate in the deliberations when they are: A), B), (C) The person charged with review of the results of the D.R. hearing. V.A.C. Defendant, HARVEY, with KNIGHT found me guilty on 5-14-19, Defendant HARVEY was the designating authority review-er on 5-13-19 before D.R. court, violating the above cited subsection of the rules of shall not serve and, this is the same person responsible for the review of D.R. reports prior to hearing to determine if the report is in accordance with due process requirements; causal connections, he knew he could not sit on these D.R. hearings, the history of widespread abuse of deliberate indifference to constitutional rights. The appeal process, on 5-14-19, I Appealed to the Inst. upon the — cont...

(18)

(8), Cont. of Subsec. IV, Statement of Claim, Subsubsection (B), Page (4):

— Procedural violations, on 5-21-19, they denied redress, on, 5-23-19, I appeal the denial to Central Office, and was an approval for further inquiry to the Warden, on 6-13-19, the inst. denied the inquiry in a amended response, on, 6-19-19, I resubmitted to Central Office, the 30 days deadline to respond was up on, 7-19-19, entitling me to proceed with judicial remedies, I am in state court with the case under mandamus relief.

On, 5-24-19, Defendant, Harvey, held, D.R. court with a Joseph Woodcock, cited at 6:41 am upon a D.R. by, Sgt. Gillespie, again, on the 5-1-19, shower beatings that he actively participated in; they found me guilty and gave me 60 days of punitive confinement. (Note, on, 5-23-19, Defendant Harvey, was the designating authority reviewer before the 5-24-19, hearing, knowing he had no authority under color of state law to serve as team chairman to find me guilty. All appeals at the inst. & Central Office levels was denied.

On, 5-24-19, Defendant, Harvey, with Woodcock, cited at 6:43 am, upon a D.R. hearing of Sgt. Nazario, again, on the 5-1-19, incident, found me guilty and gave me 30 days punitive confinement. Again, on 5-23-19, Defendant, Harvey, was the designating authority reviewer before the 5-24-19, hearing, knowing he had no authority to serve as D.R. Team Chairman to find me guilty, acting under color of state law to shield his unconstitutional conduct that any reasonable person would have known violated the Constitution.

(9), Cont. of Subsec. IV, Statement of Claim, Subsubsection, (C), Page (5): Date and Time of Events:

1.) Report, Log # 205-190915, Day, 5-14-2019, Time, Cited, 6:37 AM.
2.) Report, Log # 205-190916, Day, 5-14-2019, Time, Cited, 6:41 AM.
3.) Report, Log # 205-190917, Day, 5-14-2019, Time, Cited, 6:42 AM.
4.) Report, Log # 205-190918, Day, 5-14-2019, Time, Cited, 6:36 AM.
5.) Report, Log # 205-190919, Day, 5-14-2019, Time, Cited, 6:43 AM.
6.) Report, Log # 205-190920, Day, 5-14-2019, Time, Cited, 6:44 AM. (Note, this is one of the Defendant's, Jack VanAllen's second amended response to appeal; overturned on procedural violations, dated, 7-31-2019.)
7.) Report, Log # 205-190921, Day, 5-14-2019, Time, Cited, 6:45 AM. (Note, this is the other Defendant, Matthew Kurth's second amended response to appeal; overturned on procedural violations, dated, 7-31-2019.)
8.) Report, Log # 205-190922, Day, 5-14-19, Time, Cited, 6:39 AM. (Note, Defendant, Harvey, on 5-13-19, was the designating authority review-er in approving this report to determine if the report is in accordance with due process requirement and rules of discipline under Fla. Admin. Code, AND, THEN, circumvented the rule the next day, 5-14-19, in being the D.R. Hearing Chairman to find me guilty in direct conflict with the rules and procedural due process requirements.)
9.) Report, Log # 205-190924, Day, 5-14-19, Time, Cited, 6:40 AM.
10.) Report, Log # 205-190925, (Note, in my appeal to Central Office I cited 5-14-19 or D.R. Court for the 5-1-19 incident. Though, I never received a copy of this D.R., only the findings of guilty, taking 200 days of gain time & 60 days D.C. punitive confinement, upon discovery, the identities of the D.R. hearings Chairman and members will be revealed—so, I cite no individual under a lack of information.
11.) Report, Log # 205-191039, Day, 5-24-19, Time, Cited, 6:43 AM (Note, Defendant, Harvey, without, Defendant Knight, on 5-23-19 was again, the designating authority review-er, approving this report for due process requirements, and deliberately proceeded upon constitutionally defective procedures of due process to violate the independent decision maker of those proceedings of the clause and rules of the Dept. of Corr.'s specifically on this issue of an impartial hearing board. All acts of Defendants were under color of state law.

(20)